## (March 29, 1960)

■ STANLEY STOLZENBERG, Respondent, v. THOMAS P. LAING, Appellant, et al., Defendant.— Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with $10 costs, with leave to the plaintiff to replead, within 20 days after service upon his attorney of a copy of the order entered herein, with notice of entry. In order to plead a good cause of action there must be allegations of fact which will tend to show that the restrictive covenant was in

force at the time of the alleged violation and, also, that it was made for the benefit of the plaintiff. With respect to the former the only allegation we have is the conclusory statement contained in paragraph TWELFTH of the complaint, "That on or about July 20, 1957 the defendant began to sell and continues to sell * * * in violation of the aforesaid clause." There are no allegations of fact in the complaint from which we can determine whether on July 20, 1957 the restrictive covenant was in force. The date when the lease was originally made is pleaded as is the date of renewal, but the expiration date of the renewed lease is not pleaded. Nor is there anything to indicate whether the tenant is in possession as a statutory tenant or by virtue of the renewed lease or a further extension thereof or by virtue of a new lease which may or may not contain such restrictive clause. The facts should be pleaded so as to enable the court to determine whether the covenant was in force on the date of the alleged violation. Likewise, paragraph ELEVENTH which purports to plead that the restrictive covenant was made part of the lease for the benefit of the plaintiff is conclusory in nature. The words "was agreed to by the defendant" are insufficient. The facts should be pleaded to show how that conclusion is arrived at. Concur — Botein, P. J., Breitel, Rabin, Valente and Bergan, JJ.